United States District Court
District of Massachusetts

```
_____
                               )
FRANCISCO J. VAZQUEZ,          )
                               )
        Petitioner,            )
                               )   Civil Action No.
        v.                     )   05-40060-NMG
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )
                               )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Petitioner Francisco Vazquez ("Vazquez"), proceeding pro se, brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that 1) the indictment against him was deficient and 2) his counsel was ineffective in failing to raise the indictment's defects. After the government filed an opposition to petitioner's § 2255 motion, Vazquez moved for leave of court to file a reply, and then an extension of time to file that reply, both of which were granted by this Court. Notwithstanding those allowances, Vazquez neither filed a reply nor moved for another extension within the allotted time.

Petitioner was indicted on April 25, 2003, on three counts of tampering with a witness, victim or informant (18 U.S.C. §§

1512(a)(2)(a), (a)(2)(C) and (b)(1)) and one count of conspiracy to do the same (18 U.S.C. § 371). On January 8, 2004, Vazquez pled guilty to all four charges of the indictment. The sentence that this Court imposed on April 1, 2004 (151 months of imprisonment and three years of supervised release) was not directly appealed by Vazquez.

Petitioner contends that relief under § 2255 is warranted because the indictment against him was jurisdictionally defective by virtue of its failure to specify a necessary element in each offense, namely that the alleged misconduct was related to a <u>federal</u> proceeding and a <u>federal</u> law enforcement officer. He asserts, furthermore, that his counsel was ineffective because he failed to raise those arguments. The government responds that the indictment was adequate because it tracked the statutory elements of the crimes charged and, in any event, the evidence presented at Vazquez's plea colloquy overwhelmingly established his guilt with respect to the federal crimes charged. The government avers, in addition, that petitioner's ineffective assistance claim is factually unsupported and therefore legally unsustainable.

After consideration of the positions set forth by Vazquez and the government, the Court concludes that the § 2255 motion of Vazquez must be dismissed for the reasons espoused by the government.

The substantive offenses with which Vazquez was charged are set forth at 18 U.S.C. § 1512. Sections 1512(a)(2)(A) and (a)(2)(C) make it a federal crime to use physical force or the threat of such force with the intent to "influence, delay, or prevent the testimony of any person in an official proceeding" or "hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to" various forms of misconduct. Subsection (b)(1) forbids the knowing or attempted use of intimidation, physical force, threats, corrupt persuasion or misleading behavior to "influence, delay, or prevent the testimony of any person in an official proceeding". The statute itself does not require that covered charges explicitly refer to a <u>federal</u> proceeding and/or a <u>federal</u> law enforcement officer in order to be valid.

Even assuming that Vazquez had a valid claim that the indictment was deficient, § 2255 relief is not available to him because he failed to raise that challenge on direct appeal and has not shown both "cause" and "actual prejudice" meriting consideration upon collateral review. See <u>United States</u> v. <u>Frady</u>, 456 U.S. 152, 167-68 (1982). Vazquez's agreement with the facts set forth at his plea colloquy demonstrate that he is guilty of the crimes charged which clearly involved a federal grand jury proceeding and federal law enforcement agents. Consequently, notwithstanding the "cause" of his failure to raise

the indictment issue on direct appeal, the Court concludes that he has suffered no prejudice from that failure.

Nor is relief warranted on the grounds of ineffective assistance of counsel. To demonstrate constitutionally defective assistance, Vazquez must demonstrate that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense". Strickland v. Washington, 466 U.S. 668, 687 (1984). In this case, Vazquez provides no specific facts in support of either element under Strickland.

## ORDER

In accordance with the foregoing memorandum, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DENIED** and the petition is **DISMISSED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: April 26, 2006